```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANKLIN CANNON,

                        Plaintiff,
                                                    08-CV-6297T
             v.                                     **DECISION**
                                                    **and ORDER**
FREDERICK D. KELLY and, MARPAST OF
TEXAS, INC., d/b/a THE MONEY CENTER, INC.,

                        Defendants.
_____
```

## INTRODUCTION

Plaintiff Franklin Cannon ("Cannon"), brings this action pursuant to the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 et seq., and New York State law, against defendants Frederick D. Kelly ("Kelly"), a debt collector, and Marpast of Texas, Inc., ("Marpast") a lender, claiming that the defendants used unlawful methods in an attempt to collect a debt from him, and violated New York statutory and common law in connection with their attempts to collect the debt.

Defendant Marpast now moves to dismiss plaintiff's Amended Complaint pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure on grounds that: (1) this Court lacks subject matter jurisdiction over Marpast, (2) this Court lacks personal jurisdiction over Marpast, and (3) plaintiff has failed to state a cause of action against Marpast. In the alternative, Marpast seeks an order compelling plaintiff to enter into arbitration in lieu of this litigation.

For the reasons set forth below, I deny defendant's motion to dismiss, and deny defendant's motion to compel arbitration.

BACKGROUND

According to the Amended Complaint, in 2007, plaintiff Franklin Cannon obtained a loan in the amount of $150.00 from defendant Marpast of Texas, Inc. Plaintiff obtained this loan through an internet website allegedly operated by Marpast. Pursuant to the loan agreement, Marpast was allowed to make direct withdrawals from Cannon's checking account for purposes of repaying the loan.

Cannon contends, however, that on at least one occasion, Marpast attempted to make a withdrawal from his account on a date earlier than had been agreed to. Plaintiff claims that because he did not have sufficient funds in his account to cover the withdrawal, he incurred fees from Marpast and his bank, which caused his financial situation to worsen, and resulted in his defaulting on the loan.

Thereafter, plaintiff claims that defendant Frederick Kelly, a debt collector acting on behalf of Marpast, began to call him, and demanded repayment of the loan, along with thousands of dollars in additional fees. Cannon claims that Kelly, in violation of the Fair Debt Collection Practices Act, called him at his place of employment, and also called his mom, girlfriend, and his boss at

work, claiming that if Cannon did not immediately pay $3,000.00, he would be arrested and taken to jail. According to the plaintiff, Kelly informed Cannon's co-workers that he was under criminal investigation. Plaintiff claims that he has suffered emotional and financial damages as a result of the defendants' actions.

DISCUSSION

I. The Court has Supplemental Jurisdiction over Defendant Marpast

Marpast contends that because the Court does not have federal question jurisdiction over it, the court can not exercise supplemental jurisdiction over the company pursuant to 28 U.S.C. § 1367. 28 U.S.C. § 1367 provides in relevant part that, subject to exceptions not applicable in this case:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). In the instant case, there is no dispute that this court has federal question jurisdiction over defendant Kelly pursuant to the Fair Debt Collection Practices Act. Accordingly, if Cannon's claims against Marpast are sufficiently related to the

claims made against Kelly that they "form part of the same case or controversy under Article III of the United States Constitution" then the court must assume jurisdiction over those claims, unless the claims raise a novel or complex issue of state law, predominate over the federal question claim against Kelly, or there are exceptional circumstances which militate against exercising supplemental jurisdiction. 28 U.S.C. § 1367(a), (c). Indeed, the claims against Marpast and Kelly arise out of the same nucleus of operative fact, (the loan made by Marpast and the efforts of Marpast's alleged agent Kelly to collect on the loan) and thus I find that they are sufficiently related for the exercise of supplemental jurisdiction over Marpast. Moreover, because the claims against Marpast are not overly complex, nor dominant over the claims made against Kelly, there is no reason to decline supplemental jurisdiction. I therefore find that the court has supplemental jurisdiction over Marpast, and accordingly, I deny defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

    II. The Court has Personal Jurisdiction over Defendant
        <u>Marpast</u>.

Marpast moves to dismiss the Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on grounds that this Court has no personal jurisdiction over the company. Where no federal statute governing personal jurisdiction is

applicable, the long arm statute of the State in which the District Court sits is applicable. See Insurance Corp. of Ireland v. Compagnie Des Bauxites, 456 U.S. 694 (1982). Section 302(a) of the New York State Civil Practice Law and Rules, New York State's "long arm" statute, provides in relevant part that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . [t]ransacts any business within the state . . . ." New York CPLR § 302(a) (McKinney's 2001). To establish that a defendant has "transacted business" in New York, a plaintiff need only demonstrate that the defendant engaged in a single business transaction within the state, provided that the transaction is the basis of the plaintiff's claim. Bank Brussels Lambert v. Fiddler, Gonzalez, & Rodriguez, 171 F.3d 779 (2nd Cir., 1999). In the instant case, Marpast concedes that it has made loans to at least five persons in the State of New York, including the loan made to the plaintiff that is the basis of this action. Accordingly, I find that Cannon has established that Marpast is subject to the personal jurisdiction of this court pursuant to Section 302 of the New York, and I therefore deny defendant's motion to dismiss for lack of personal jurisdiction.

III. Plaintiff has stated a cause of Action under New York Law.

Marpast contends that plaintiff has failed to state a cause of action against it under New York law because the Credit Service Organization Agreement and Loan Note Agreement that Marpast allegedly entered into with the plaintiff specify that Texas law governs the dispute between the parties. Cannon, however, contends that he did not enter into any agreement with Marpast, and that his purported signature on the loan agreements is a forgery. Because there is an issue of fact with respect to whether or not plaintiff entered into a written agreement with Marpast, defendant's motion to dismiss for failure to state a cause of action must be denied.

IV. Arbitration

Marpast argues that if the Court does not dismiss plaintiff's claims, the Court must order Arbitration in the matter because the agreement signed by the plaintiff contains a mandatory arbitration clause. As stated above, however, the plaintiff contends that he did not enter into any written agreement with Marpast. Accordingly, because there is a question as to whether or not the plaintiff agreed to any mandatory Arbitration clause, I deny defendant's motion to compel arbitration.

CONCLUSION

For the reasons set forth above, I find that this court has supplemental and personal jurisdiction over defendant Marpast, and that the plaintiff has stated a prima facie case for violations of New York law.  I further find that because there is a factual dispute as to whether or not the plaintiff agreed to arbitration, Marpast is not entitled to an Order compelling arbitration.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         April 27, 2009